IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARYL K. BURFORD | ) | |
| | ) | |
| v. | ) | NO. 3:20-00549 |
| | ) | |
| CHRIS BRUN, et al. | ) | |

**TO:** Honorable Eli J. Richardson, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum and Order entered October 5, 2020 (Docket Entry Nos. 14 and 15).

Pending before the Court is Plaintiff's motion (Docket Entry No. 27) for emergency injunctive relief. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

### I. BACKGROUND

Daryl K. Burford ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Complex ("TTCC") in Hartsville, Tennessee. He filed this *pro se* and *in forma pauperis* lawsuit on June 25, 2020, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the TTCC in May 2020, when he was allegedly assaulted by a correctional officer while other correctional staff watched and failed to intervene. Upon initial review of

Plaintiff's pleadings under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed several claims but found that he asserted an arguable Eighth Amendment excessive force claim against the alleged assaulter, Sgt. Grassmick, and four correctional staff -- Sgt. Davis, Sgt. Wright, Correctional Officer Allen, and Nurse Carter. Plaintiff subsequently voluntarily dismissed Defendants Davis, Wright, and Allen. *See* Order entered January 4, 2021 (Docket Entry No. 17). Process was returned unexecuted for Defendant Grassmick. *See* Docket Entry No. 23. Defendant Carter was only recently served in the action and has not responded to the lawsuit. *See* Docket Entry No. 28.

In his motion, Plaintiff complains about two incidents in which he was assaulted by other inmates, an incident occurring on August 15, 2020, and one incident occurring on June 10, 2021. He contends that (1) the first assault may have been facilitated by "a defendant or defendants," (2) the second assault was caused by prison official placing him in a cell with an inmate known to be dangerous, and (3) prison officials failed to promptly intervene to stop both assaults. Plaintiff asserts that he is in imminent and grave danger of a substantial risk of bodily harm if he remains at the TTCC and seeks an order requiring his immediate transfer to another facility and an order of protection preventing several named and un-named prison officials from being within 1,000 ft of him.

## II. ANALYSIS

Plaintiff's motion for emergency injunctive relief should be denied. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Pre-trial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is

extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking such relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Initially, the Court notes that Plaintiff's motion is not supported by any actual evidence and is based solely upon his unsubstantiated allegations. Additionally, the relief requested by Plaintiff is not directed at the Defendants in his lawsuit but at individuals who are not parties to the case. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties). Both of these factors require the denial of the motion.

Further, Plaintiff has not satisfied the factors necessary to support preliminary injunctive relief. He has not demonstrated a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield,* 866 F.2d 162, 167 (6th Cir. 1989. At this early point in the litigation, his likelihood of success on his claim is no greater than that of the two remaining Defendants. Plaintiff also fails to satisfy the irreparable harm factor. The events about which he complains are unrelated to the single, narrow claim in this case. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the

motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Such a link is missing here.

The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters involving the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff despite his assertion that his safety is in imminent and grave harm. Indeed, one of the incidents complained about by Plaintiff occurred nearly one year ago.

## R E C O M M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 27) for emergency injunctive relief be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the

objections must be filed within fourteen (14) days after service of objections.  *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                         Respectfully submitted,

                         BARBARA D. HOLMES
                         United States Magistrate Judge