IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DARYL K. BURFORD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | NO. 3:20-cv-00549 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CHRIS BRUN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 30, "R&R"), wherein the Magistrate Judge recommends that this Court deny Plaintiff's Motion for Immediate Transfer/Restraining Order (Doc. No. 27). Plaintiff (who is proceeding *pro se*) has filed a "Response to the Magistrate's Report and Recommendation" that the Court will construe as objections to the Magistrate Judge's R&R (Doc. No. 37, "Objections").

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. Objections must be specific; a general objection to the report and recommendation is not

sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Id*. at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc*., 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*.

In his Objections, Plaintiff asserts the following objections:

> 1.) Plaintiff respectfully submits that, yes, let the record reflect that he is in imminent and grave danger of continued substantial risk of bodily harm as as [sic] long as he remains housed in Trousdale [Turner Correctional Center].
>
> 2.) Plaintiff respectfully submits that the burden of the circumstances "clearly demand" such injunctive relief.
>
> 3.) Plaintiff respectfully submits that he is more than likely to succeed on the merits of the claims presented in his colorable claims and that plaintiff is likely to suffer more irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public (family worries) interest.

> 4.) Plaintiff respectfully submits that his claims of imminent and grave danger of continued substantial bodily harm are supported by medical records (which have not been released to plaintiff at his request), which makes plaintiff unable to satisfy the irreparable harm factors, housing location while pending disciplinary infractions, but accepts the fact that these allegations are not directly directed at the named defendants (but co-employees of the buddy system).

(Doc. No. 37 at 1).

These objections to the R&R are not proper because they are either conclusory, not specific, or both. Plaintiff simply does not explain, with any detail, how the Magistrate Judge supposedly erred. For example, although he suggests that medical records might reveal some error, he does not say how they might do so, let alone explain how the Magistrate Judge could have erred by not finding support in records that (according to Plaintiff's implication) the Magistrate Judge never even saw. In short, the objections fail to indicate where the R&R went wrong. Thus, the objections do not meet the requirements of Fed. R. Civ. P. 72 and Local Rule 72.02. Rather, Plaintiff's objections operate more as a general objection to the R&R as a whole, and "[a] general objection to the entirety of [a] magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Hence, the Court has no duty to review the record independently. *See Lawhorn v. Buy Buy Baby, Inc.*, No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (Richardson, J.). ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made."); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Alternatively, even if the Court were to find that the R&R were subject to review in full, it would reach the same result. The Court would easily conclude, as did the Magistrate Judge, that Plaintiff had failed to meet his burden to show—with evidence and not mere allegations—that he is entitled to the extraordinary remedy of emergency injunctive relief.

Accordingly, Plaintiff's purported objections are overruled, and the R&R (Doc. No. 30) is ADOPTED. Plaintiff's Motion for Immediate Transfer/Restraining Order (Doc. No. 27) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE