THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARYL K. BURFORD, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-cv-00549 |
| | ) JUDGE RICHARDSON |
| CHRIS BRUN, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is pro se Plaintiff Daryl Burford's motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Doc. No. 65, "Motion").[1] Because the Court finds "good cause" for extending the notice of appeal deadline, the Motion will be **GRANTED**. Plaintiff's deadline to file a notice of appeal in this Court will be extended until 14 days after entry of the Order accompanying this Memorandum Opinion. Plaintiff must file a notice of appeal by that new deadline or else his appeal will not be able to proceed.

BACKGROUND

Plaintiff, an inmate of the Tennessee Department of Correction, filed a pro se civil rights complaint that initially named a number of individuals as defendants. Through a combination of dismissals and failure to serve process, the only remaining defendant at the summary judgment stage was Chelsey Carter ("Defendant"). On April 28, 2022, the Court granted Defendant's Motion

---

[1] As explained below, Plaintiff originally titled the Motion as a "Motion to Proceed with a Certificate of Appealability." But because courts must "liberally construe a document that could reasonably be interpreted as a motion for an extension of time to file a notice of appeal," *see Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020), the Sixth Circuit has instructed that the Motion be construed as just such a motion. (Doc. No. 67).

for Summary Judgment and entered final judgment against Plaintiff. (Doc. Nos. 63, 64). Any notice of appeal was therefore due to be filed on or before May 31, 2022. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

On June 6, 2022, Plaintiff filed the Motion in the United States Court of Appeals for the Sixth Circuit. Plaintiff titled the Motion as a "Motion to Proceed with a Certificate of Appealability." When the Motion was forwarded to this Court, it was docketed here and labeled on the docket as a "Notice of Appeal." (*See* Doc. No. 65).

On August 11, 2022, the Sixth Circuit issued an order concluding that the Motion should be treated as a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). (Doc. No. 67 at 3). The Sixth Circuit then remanded the case to this Court "for consideration of whether [Plaintiff's] time for filing a notice of appeal should be extended." (*Id.*). The Sixth Circuit further explained that "[w]hile on limited remand, [Plaintiff's] appeal is held in abeyance." (*Id.*).

This Court subsequently concluded that, even though the Sixth Circuit never issued a mandate, no mandate was necessary for the Court to carry out the Sixth Circuit's "limited remand." (Doc. No. 68). The Court asked Defendant to respond to the Motion. Defendant has done so (Doc. No. 70), and, Plaintiff's time to file a reply having passed, the Motion is now ripe for review.

LEGAL STANDARD

Rule 4(a)(5) establishes two requirements that a party must meet before the district court can extend the time to file a notice of appeal: (i) the party must file its motion for an extension "no later than 30 days after" the notice of appeal deadline otherwise prescribed by Rule 4(a); and (ii) the party must show either "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

"Excusable neglect and good cause are different concepts[.]" *Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022). As the pertinent advisory committee note explains:

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendment.

In line with the advisory committee note, the Sixth Circuit has held that "good cause" exists "where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

As for "excusable neglect," it is "a strict standard which is met only in extraordinary cases." *Id.* "Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Id.* at 527. To determine whether a party has demonstrated excusable neglect, courts generally analyze several factors originally derived from *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Those factors include "the danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014). "[T]he reason for the delay is the factor that is most critical to the excusable neglect inquiry." *Id.*

If the movant satisfies both prongs of Rule 4(a)(5)'s test, then the district court "may" extend the time to file a notice of appeal by a maximum of "30 days after the [time otherwise prescribed by Rule 4(a)] or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

ANALYSIS

I. "Good cause" exists for an extension of Plaintiff's time to file a notice of appeal.

It is undisputed here that the first prong of the Rule 4(a)(5) standard—*i.e.*, that the Motion was filed within 30 days after Plaintiff's original Rule 4(a) deadline—is satisfied. As noted earlier, Rule 4(a) originally made Plaintiff's notice of appeal due on or before May 31, 2022. The Motion was filed six days later on June 6, 2022—well within prong one's 30-day limit. Defendant does not argue otherwise. (Doc. No. 70 at 3).

Turning to the second prong, Plaintiff's proffered reasons why he could not file his notice of appeal on time are that he "has been under constant lock-down/restricted movement, with limited or no access to the legal library . . . due to COVID-19 quarantine, drug overdoses, deaths, and security breaches due to gang wars." (Doc. No. 65 at 1). Plaintiff's proffered explanation does not assert that he was at fault—excusable or otherwise—for missing the deadline. Thus, the Court concludes that Plaintiff has not attempted to assert excusable neglect as a basis for his requested extension, and so only the "good cause" standard is at issue here.

As explained above, "good cause" exists if forces beyond Plaintiff's control prevented him from filing his notice of appeal on time. *Nicholson*, 467 F.3d at 526. Courts often find good cause for an extension when an institutional lockdown and/or limited access to legal materials stood in the way of a prisoner's filing a timely notice of appeal. *See, e.g.*, *Todd v. Lamarque*, 230 F. App'x 672, 678 (9th Cir. 2007) (noting that the district court found good cause, and that the finding was unchallenged on appeal, where the plaintiff "represent[ed] that he was frequently under 'lock-down' due to staffing shortages at the prison"); *United States v. Rhodes*, No. 8:16–cv–1752, 2017 WL 7371187, at *1 (M.D. Fla. Feb. 13, 2017) (institutional prison lockdown constituted good cause); *Momoh v. Valenzuela*, No. LA CV 09-06770, 2015 WL 13037530, at *2 (C.D. Cal. Apr.

13, 2015) ("Courts have found that difficulties such as prison transfers, confinement in segregated housing units, and/or limited access to legal materials, especially when considered in light of their pro se status, constitute 'good cause' for purposes of Rule 4(a)(5)." (cleaned up) (quoting *Levesque v. Clinton Cnty.*, No. 9:10–cv–0787, 2014 WL 2090803, at *2 (N.D.N.Y. May 19, 2014))); *Britt v. United States*, Civ. No. 12–00173, 2013 WL 6499451, at *1–2 (S.D. Ala. Dec. 6, 2013) (plaintiff's "asserti[on] that extended periods of prison lockdown prevented him from using the prison law library" constituted good cause).

In her response, Defendant does not address the "lockdown" component of Plaintiff's justification. Instead, Defendant makes essentially two arguments. First, Defendant seizes upon Plaintiff's use of the phrase "limited . . . access" to argue that Plaintiff thereby concedes that he had at least *some* access to the legal library (even if it was "limited"). From there, Defendant argues that Plaintiff fails to explain why that limited access was insufficient to prepare a timely notice of appeal, given that a notice of appeal is "a simple document that does not require the collection of supporting documentation or preparation of briefs." (Doc. No. 70 at 4–5 (quoting *Jackson v. United States*, No. 1:10–cv–4, 2011 WL 3300368, at *3 (E.D. Tenn. Aug. 1, 2011)). Defendant is, of course, correct that a notice of appeal is a simple document that can generally be prepared without the need for extensive legal materials.[2] But this argument is ultimately unpersuasive in light of Plaintiff's pro se status. *See Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (stating that a party appealing pro se "can be excused for believing she had to justify her appeal at the same time she gave notice of it."). Plaintiff's Motion is a ten-page document containing legal

---

[2] The content required in a notice of appeal is spelled out in Federal Rule of Appellate Procedure 3. A notice of appeal must "(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . (B) designate the judgment . . . from which the appeal is taken; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). The suggested form of notice of appeal from a judgment of a District Court is provided in Form 1A in the Appendix of Forms accompanying the Federal Rules of Appellate Procedure.

arguments, suggesting that he in fact did not understand that a simple notice of appeal in compliance with Federal Rule of Appellate Procedure 3(c) was all that was required. Plaintiff, a non-lawyer litigating from inside a prison, can be excused for believing that he had to do more than simply provide a short notice of his appeal at the outset, and so the distinction that Defendant attempts to draw between "no" access and "limited" access to a legal library is unavailing.

Second, Defendant twice characterizes Plaintiff's justification as "factually unsupported." (Doc. No. 70 at 2, 4). The Court does not understand Defendant, in using the term "factually unsupported," to claim that Plaintiff fails to *allege* facts in support of his position. And in fact Plaintiff clearly does assert facts that could (and do) establish good cause, *i.e.*, that he was on "constant lock-down/restricted movement, with limited or no access to the legal library." Thus, it appears that Defendant intended the phrase "factually unsupported" to suggest that Plaintiff was required to (but did not) support his factual assertions *with some kind of evidence*, such as a sworn declaration or other verified document. This argument fails because the Sixth Circuit has squarely held that "Rule 4(a)(5) does not make affidavits or verified statements a rigid prerequisite to a showing of good cause. To the contrary, it does not mention them at all." *Mizori*, 23 F.4th at 706 (holding that the district court abused its discretion in finding a lack of good cause in part because the district court required an "affidavit or verified statement attesting to [the alleged] facts"). In *Mizori*, the Sixth Circuit noted that "retained counsel in civil and criminal cases routinely obtain extensions of filing deadlines without" providing sworn statements. *Id.* The Court understands *Mizori* to hold that good cause for purposes of Rule 4(a)(5) may generally[3] be shown through unsworn assertions, as with other more routine extension requests.

---

[3] *Mizori* did qualify its holding somewhat, stating that "Rule 4(a)(5) does not make affidavits or verified statements a *rigid prerequisite* to a showing of good cause." 23 F.4th at 706 (emphasis added). The phrase "rigid prerequisite" leaves room for the possibility that, under some circumstances, the Court *could* consider

Accordingly, Plaintiff has shown good cause for an extension of the deadline to file a notice of appeal, and the Motion will be granted.

II. Defendant's alternative request to deny Plaintiff *in forma pauperis* status exceeds the scope of the Sixth Circuit's limited remand.

Defendant argues that, even if the Court extends Plaintiff's time to file a notice of appeal, the Court should alternatively decline to certify Plaintiff's *in forma pauperis* status for purposes of his appeal. (Doc. No. 70 at 5–7). This argument is based on a filing on the appellate docket, in which the Sixth Circuit directed Plaintiff to either pay the appellate filing fee or file a motion in this Court for permission to proceed on appeal *in forma pauperis*. Defendant contends that Plaintiff has done neither, and also that Plaintiff's appeal would be frivolous, and that the Court therefore should refuse to certify Plaintiff to pursue an *in forma pauperis* appeal.

However, this issue is not within the scope of the limited remand ordered by the Sixth Circuit. Although "a remand is presumptively general as opposed to limited," the Sixth Circuit can "limit the scope of a remand" by "convey[ing] clearly [its] intent to limit the scope of the district court's review." *United States v. Woodside*, 895 F.3d 894, 899 (6th Cir. 2018) (quoting *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004)). That concept of limited remand is applicable here because the Sixth Circuit expressly stated that this is a "limited remand" for "consideration of whether [Plaintiff's] time for filing a notice of appeal should be extended." (Doc. No. 67 at 3). The Sixth Circuit further explained that Plaintiff's appeal is being "held in abeyance" during this limited remand. (*Id.*). The Court understands this to mean that the Sixth Circuit has retained jurisdiction over the appeal while ordering a limited remand during which the sole issue this Court

---

the absence of affidavits or verified statements as a factor undermining the existence of good cause—perhaps, for example, where the proffered explanation is so unlikely that sworn assertions are necessary to make it credible. The Court need not resolve that issue here, though, where Plaintiff's assertion that he was on lockdown with limited or no access to the legal library is not an uncommon (or unlikely) justification for an extension.

may consider is whether to grant Plaintiff's Motion under Federal Rule of Appellate Procedure 4(a)(5).[4]

"[A] limited remand 'constrains' the district court's authority to the issue or issues specifically articulated in the appellate court's order." *Monroe v. FTS USA, LLC*, 17 F.4th 664, 669 (6th Cir. 2021). Having concluded that Plaintiff's time to file a notice of appeal will be extended—the sole issue "specifically articulated" in the Sixth Circuit's remand order—the Court lacks warrant to consider other issues during this limited remand. Defendant is of course free to press her "*in forma pauperis*" argument upon return to the Sixth Circuit, where the appeal remains pending.

CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Doc. No. 65). Specifically, the Court will grant Plaintiff an extension of 14 days after the date of entry of the Order accompanying this Memorandum Opinion (which is the maximum allowable extension under Federal Rule of Appellate Procedure 4(a)(5)(C)). If Plaintiff still wishes to appeal, he must file a notice of appeal in this Court (*i.e.*, the United States District Court for the Middle District of Tennessee) within 14 days of entry of the accompanying Order, or else his appeal cannot proceed.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.*, *United States v. DeJournett*, 817 F.3d 479, 485–86 (6th Cir. 2016) ("retain[ing] jurisdiction" and "remand[ing] for the limited purpose" of allowing the district court to place on the record its reasons for refusing to unseal a document); *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1358 (6th Cir. 1988) (retaining jurisdiction and remanding for a limited evidentiary hearing into the district judge's impartiality); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3937.1, at 849 (3d ed. 2012) ("the courts of appeals often have retained jurisdiction while making a limited remand for additional findings or explanations").